UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

KAYLA W.,[1]

        Plaintiff,

v.

COMMISSIONER, Social Security Administration,

        Defendant.

Case No. 3:22-cv-00062-MK

**OPINION AND ORDER**

**KASUBHAI,** United States Magistrate Judge:

    Plaintiff Kayla W. seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for supplemental security income ("SSI") under the Social Security Act (the "Act"). This Court has jurisdiction to review the Commissioner's decision under 42 U.S.C. § 405(g). For the reasons below, the Commissioner's decision is REVERSED and this case is REMANDED for an immediate payment of benefits.

---

[1] In the interest of privacy, the Court uses only the first name and last name initial of non-government parties whose identification could affect Plaintiff's privacy.

## PROCEDURAL BACKGROUND

Plaintiff filed an application for SSI in December 2018, alleging a disability onset date of January 14, 2011. Tr. 51.[2] Her application was denied initially and upon reconsideration. Tr. 51–63, 65–77. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), and a hearing was held in October 2020. Tr. 29–30. On January 19, 2021, the ALJ issued a decision finding Plaintiff not disabled under the Act. Tr. 13–24. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. Tr. 1–6. This appeal followed.

## FACTUAL BACKGROUND

Plaintiff was 15 years old on her alleged onset date. Tr. 51. Plaintiff has at least a high school education and has no past relevant work experience. Tr. 22–23. Plaintiff alleged disability based on several mental impairments, including attention deficit disorder, social phobia, and systemic schizoaffective disorder. Tr. 51.

## LEGAL STANDARD

The court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quotation omitted). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). "Where the evidence as a

---

[2] "Tr." citations are to the Administrative Record. ECF No. 11.

whole can support either a grant or a denial, [the court] may not substitute [its] judgment for the ALJ's." *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) (citation omitted); *see also Burch v. Barnhart*, 400 F.3d 676, 680–81 (9th Cir. 2005) (holding that the court "must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation"). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quotation omitted).

The initial burden of proof rests on the claimant to establish disability. *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, the claimant must prove an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of no less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step process for determining whether a person is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920. First, the Commissioner determines whether a claimant is engaged in "substantial gainful activity"; if so, the claimant is not disabled. *Yuckert*, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b). At step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140–41; 20 C.F.R. §§ 404.1520(c), 416.920(c). A severe impairment is one "which significantly limits [the claimant's] physical or mental ability to do basic work activities[.]" 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled. *Yuckert*, 482 U.S. at 141. At step three, the Commissioner determines whether the impairments meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Id.*;

20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is presumed disabled; if not, the analysis proceeds. *Yuckert*, 482 U.S. at 141.

At this point, the Commissioner must evaluate medical and other relevant evidence to determine the claimant's "residual functional capacity" ("RFC"), an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations his impairments impose. 20 C.F.R. §§ 404.1520(e), 404.1545(b)–(c), 416.920(e), 416.945(b)–(c). At the fourth step, the Commissioner determines whether the claimant can perform "past relevant work." *Yuckert*, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can work, he is not disabled; if he cannot perform past relevant work, the burden shifts to the Commissioner. *Yuckert*, 482 U.S. at 146 n.5. At step five, the Commissioner must establish that the claimant can perform other work that exists in significant numbers in the national economy. *Id.* at 142; 20 C.F.R. §§ 404.1520(e)–(f), 416.920(e)–(f). If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## THE ALJ'S DECISION

At step one, the ALJ found that Plaintiff met the insured requirements of the Act and had not engaged in substantial gainful activity since her alleged onset date. Tr. 15. At step two, the ALJ found that Plaintiff had the following severe impairments: schizoaffective disorder, depression, anxiety, ADHD. *Id.* At step three, the ALJ found that Plaintiff did not have an impairment or combination thereof that met or medically equaled the severity of a listed impairment. Tr. 16. The ALJ found that Plaintiff had an RFC to perform a full range of work at all exertional levels but with the following nonexertional limitations:

> [Plaintiff could perform] simple routine tasks, [involving] no
> interaction with the public, few changes in a routine work setting,
> [and] work in close proximity to a bathroom facility.

Tr. 18. At step four, the ALJ found that Plaintiff has no past relevant work. Tr. 23. At step five, the ALJ found, given Plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy such that Plaintiff could sustain employment despite her impairments. *Id*. The ALJ thus found Plaintiff was not disabled under the Act. Tr. 24.

## DISCUSSION

Plaintiff asserts remand is warranted because the ALJ failed to give clear and convincing reasons for rejecting her subjective symptom testimony that she would regularly miss work due to psychotic hallucinations. Plaintiff requests the case be reversed and remanded for the ALJ to properly consider Plaintiff's testimony. Pl.'s Reply Br. 9 (ECF No. 34). The Court addresses Plaintiff's arguments below.

**I.     Subjective Symptom Testimony**

When a claimant has medically documented impairments that could reasonably be expected to produce some degree of the symptoms complained of, and the record contains no affirmative evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of . . . symptoms only by offering specific, clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996) (internal citation omitted). A general assertion [that] the claimant is not credible is insufficient; instead, the ALJ must "state which . . . testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). The reasons proffered must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (internal citation omitted). If the ALJ's finding on the claimant's subjective symptom testimony is "supported by substantial

evidence in the record, [the court] may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (internal citation omitted).

Social Security Ruling ("SSR") 16-3p provides that "subjective symptom evaluation is not an examination of an individual's character," and requires that the ALJ consider all the evidence in an individual's record when evaluating the intensity and persistence of symptoms.[3] SSR 16-3p, *available at* 2016 WL 1119029, at *1–2. The ALJ must examine "the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record." Id. at *4.

At the administrative hearing, Plaintiff testified that her mental impairments severely limited her ability to seek employment. Plaintiff stated that she experiences hallucinations every day. Tr. 43. She explained that she will see or hear something and then it makes her feel paranoid, and that she watches how her cat reacts to determine if what she is experiencing is actually happening. *Id.* Plaintiff indicated that her hallucinations contribute to her agoraphobia because she experiences hallucinations less frequently when confined to her bedroom. Tr. 458. Therapy notes indicate that Plaintiff reported auditory hallucinations about one to four times per day, and visual hallucinations approximately once a week. Tr. 406. In June 2019, Plaintiff reported that her hallucinations had increased over the past two years. *Id.*

The ALJ rejected Plaintiff's subjective symptom testimony about her mental health on the grounds that, while Plaintiff's impairments could reasonably be expected to cause the alleged

---

[3] Effective March 28, 2016, SSR 16-3p superseded and replaced SSR 96-7p, which governed the assessment of claimant's "credibility." *See* SSR 16-3p.

symptoms, Plaintiff's statements "concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." Tr. 18–19. In making this finding, the ALJ discredited Plaintiff's subjective symptom testimony for the following reasons: (1) Plaintiff's impairments were not supported by objective medical evidence; (2) Plaintiff stopped working for reasons other than her alleged impairments; (3) Plaintiff's impairments improved with medication treatment; and (4) Plaintiff's activities of daily living were inconsistent with her alleged symptoms. Tr. 18–21 The court reviews the ALJ's reasons in turn.

**A. Objective Medical Evidence**

Plaintiff asserts that the ALJ failed to identify specific inconsistencies between Plaintiff's testimony and the medical evidence in the record. Pl.'s Br. 7. (ECF No. 31). Specifically, Plaintiff argues that the ALJ's summary of the cited chart note describing Plaintiff's hallucinations is incorrect and doesn't identify an actual inconsistency. *Id.* Conflict between the alleged severity of a claimant's symptom testimony and the medical evidence of record is a valid basis for an ALJ to find the claimant's symptom testimony less than fully credible. *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003).

The Commissioner asserts that the ALJ provided clear and convincing reasons for rejecting Plaintiff's allegations. Def,'s Br. 4. The Commissioner explains that even if the ALJ incorrectly summarized the chart note referenced by Plaintiff, that error is harmless because the ALJ provided additional valid reasons for rejecting Plaintiff's subjective symptom testimony. Def.'s Br. 7. However, the ALJ failed to supply at least one additional rationale to justify the rejection of Plaintiff's subjective symptom testimony, a lack of objective evidence cannot form the sole basis to reject his testimony. *See Reddick*, 157 F.3d at 722–23 ("[T]he Commissioner

may not discredit the claimant's testimony as to the severity of symptoms merely because they are unsupported by objective medical evidence.").

The ALJ determined that Plaintiff's reports of her symptoms and limitations are not reliable, because of her differing statements about how often she has hallucinations. The ALJ explained that at Plaintiff's disability examination with psychologist Marc Stuckey, PsyD, she reported having visual hallucinations two to three times per day, but reported to her therapist that she had hallucinations only once a week. Tr. 19 (citing Tr. 382–383, 406). The ALJ reasoned that this "inconsistency" suggests that Plaintiff's reports regarding her symptoms are unreliable. Tr. 19.

Plaintiff asserts that the ALJ did not identify an actual inconsistency because he misstated the record. Pl.'s Br. 7–8. Plaintiff explains that the chart note describing the conversation between Plaintiff and her therapist states that Plaintiff was having multiple hallucinations a day, not "hallucinations only once a week" as the ALJ asserted.

Specifically, the cited chart note states:

> [Plaintiff] mentioned her hallucinations today. Hears "knocking" about 1-4x daily…Visual hallucinations occur approx.. 1x a week.

Tr. 406.

The evidence that the ALJ relied on is not an actual inconsistency, and therefore the ALJ's reasoning is not based on substantial evidence and is error. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1102 (9th Cir. 2014).

**B. Stopped Working for Reasons Unrelated to Impairments**

The ALJ also discredited Plaintiff's subjective symptom testimony after finding she stopped working for reasons other than her allegedly disabling impairments. Tr. 19. The ALJ explained that Plaintiff reported that she stopped working in August 2018 due to her conditions,

however, her mental health treatment notes indicate that she gave notice at work because she was moving and could not handle a long commute to work. Tr. 19 (citing Tr. 392, 429).

The Ninth Circuit has held that it is a clear and convincing reason to discredit a claimant if claimant's alleged disability is not the reason the claimant stopped working. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008). Plaintiff argues that the ALJ interpreted the record to mean that Plaintiff quit her job simply because she did not want a longer commute. Pl.'s Br. 7. Plaintiff explains that the ALJ's assertion ignores Plaintiff's treating therapist's statement that provides greater context as to why Plaintiff quit her job. *Id.* Plaintiff's therapist discussed this treatment note at issue and provided context. Tr. 481. Specifically, Plaintiff's therapist stated:

> "The last job [Plaintiff] attempted was at a frozen yogurt stand. She was unable to persist in that job because of her symptoms. I understand that the reasons behind her inability to persist at work were an issue at the hearing. Specifically, because I noted in July 2018 "[she is g]oing to put in her [two] weeks notice at work. Family is moving to Cornelius and the drive will be too far for work." Some context is helpful. The problem with the drive was not that transportation was inconvenient as one might understand that note to imply when taken out of context. The problem with a longer drive is that, due to Plaintiff's social phobia and agoraphobia, she is more symptomatic the further away that she is from home. In the end, even if the drive had not been too far for her to tolerate due to her conditions, she would not have been able to persist anyway, because her symptoms increased signiciantly around the time that that job ended. Presently, she rarely leaves her room and does not leave her home without tremendous effort and accompaniment.

Tr. 481. This statement given in October 2020 is consistent with her therapist's other chart notes. For example, in January 2019, discussing Plaintiff's yogurt stand job, the therapist reported that Plaintiff quit her job due to social anxiety after only working there for a few months. Tr. 419.

Page 9 — OPINION AND ORDER

The ALJ's assertion that Plaintiff did not stop working due to her mental impairments is not supported by the record. Therefore, it is not a clear and convincing reason supported by substantial evidence. *Treichler*, 775 F.3d at 1102.

## C. Medication Treatment

The ALJ then rejected Plaintiff's subjective symptom testimony on the basis that her symptoms improved with medication treatment. Tr. 19. An ALJ may discount a claimant's testimony based on effective treatment. *See Bettis v. Colvin*, 649 F. App'x 390, 391 (9th Cir. 2016). The ALJ cited treatment notes from before the application date indicating that Plaintiff's symptoms worsened after she stopped taking psychiatric medication, "which implies that her symptoms were at least somewhat manageable with treatment." Tr. 19 (citing Tr. 443). The ALJ also cited to a primary care appointment in May 2020 where Plaintiff reported feel her depression was better with medication and stated that this "suggests some improvement in mental symptoms." Tr. 20 (citing Tr. 478). However, at that same appointment, her primary care provider reported that Plaintiff was still having ongoing agoraphobia and that she stays in her room most of the day and only goes outside briefly to take her cat out. Tr. 478. The record demonstrates that even though Plaintiff's depression was "slightly better" with medication, she still remained psychotic and agoraphobic. Tr. 55, 69–70, 256, 382, 384, 392, 406, 409, 411, 413, 415, 458–59, 464–65, 469, 471, 478.  Therefore, rejecting Plaintiff's testimony based on her depression slightly improving is not clear and convincing, nor supported by substantial evidence. *Treichler*, 775 F.3d at 1102.

## D. Activities of Daily Living

The ALJ next rejected Plaintiff's subjective symptom testimony on the basis that her activities of daily living were inconsistent with her reports that her impairments significantly

limited her daily activities. An ALJ may use activities of daily living to discredit a claimant's testimony where the activities: (1) meet the threshold for transferable work skills; or (2) contradict the claimant's testimony. *Orn*, 495 F.3d at 639. A claimant, however, need not be utterly incapacitated to receive disability benefits, and sporadic completion of minimal activities is insufficient to support a negative credibility finding. *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001); *see also Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (requiring the level of activity to be inconsistent with the claimant's alleged limitations to be relevant to his or her credibility).

      The ALJ discussed how Plaintiff can care for her cat, prepare simple meals, drive, shop, and do laundry. Tr. 21. The ALJ concluded that these activities of daily living suggest that she is capable of performing simple and routine tasks. *Id.* The ALJ also stated that Plaintiff "appears to have been in school during part of the period at issue, which seems inconsistent with the extent of her alleged agoraphobia and suggests that she has some capacity for functioning outside of the home independently. Tr. 21 (citing Tr. 403).

      The ALJ overstates many of Plaintiff's activities and fails to identify any meaningful inconsistencies. For example, the ALJ's discussion of how Plaintiff briefly attended school neglects to mention how it was online school. Tr. 21. Plaintiff's inability to persist in online schooling does not contradict her testimony that she is fearful of leaving her home. Plaintiff's ability to shop and drive was also greatly mischaracterized given that whenever she does shop or drive, she is accompanied by people. Treatment notes from Plaintiff's therapy sessions indicate that in May 2020, she only left the house once to go to the store and she was accompanied by her mother and sister. Plaintiff expressed that during that shopping trip she was on the "verge of a panic attack the whole time," and she "made them cut their trip short and she ran into her room."

Tr. 469. The record repeatedly indicates that Plaintiff is not able to drive unless accompanied by someone in the car. Tr. 33, 55, 60, 69–70, 75, 189, 382, 409, 424. Additionally, even assuming Plaintiff is capable of the modest activities cited by the ALJ, the Ninth Circuit has consistently held such a minimal level of activity is not sufficient to reject a claimant's testimony. *See Vertigan*, 260 F.3d at 1050 ("This Court has repeatedly asserted that the mere fact that a Plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability.") (quoting *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)). In sum, the ALJ failed to supply clear and convincing reasons for rejecting Plaintiff's subjective symptom testimony.

### III.    Remedy

A reviewing court has discretion to remand an action for further proceedings or for a finding of disability and an award of benefits. *See, e.g.*, *Stone v. Heckler*, 761 F.2d 530, 533 (9th Cir. 1985). Whether an action is remanded for an award of benefits or for further proceedings depends on the likely utility of additional proceedings. *Harman v. Apfel*, 211 F.3d 1172, 1179 (9th Cir. 2000). In determining whether an award of benefits is warranted, the court conducts the "three-part credit-as-true" analysis. *Garrison*, 759 F.3d at 1020. Under this analysis the court considers whether: (1) the ALJ has failed to provide legally sufficient reasons for rejecting evidence; (2) the record has been fully developed and further proceedings would serve no useful purpose; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *See Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015). Even if all the requisites are met, however, the court may still remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled[.]" *Garrison*, 759 F.3d at 1021. "Serious doubt" can arise when there are

"inconsistencies between the claimant's testimony and the medical evidence," or if the Commissioner "has pointed to evidence in the record the ALJ overlooked and explained how that evidence casts serious doubt" on whether the claimant is disabled under the Act. *Dominguez*, 808 F.3d at 407 (citing *Burrell*, 775 F.3d at 1141) (internal quotations omitted).

Here, the first requisite is met based of the ALJ's harmful legal errors. The ALJ failed to provide legally sufficient reasons for rejecting Plaintiff's subjective symptom testimony.

As to the second requisite, the Ninth Circuit has held that remanding for proceedings rather than for an immediate payment of benefits serves a useful purpose where "the record has [not] been fully developed [and] there is a need to resolve conflicts and ambiguities." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014) (internal quotations and citations omitted). In *Treichler*, the court pointed to "significant factual conflicts in the record between [the claimant's] testimony and objective medical evidence" that compelled remanding for further proceedings as opposed to an immediate payment of benefits. *Id.* at 1105.

Here, unlike in *Treichler*, the medical evidence in the record is consistent with Plaintiff's testimony. Plaintiff testified that she hallucinates every day and that she has panic attacks even when interacting with family members who live with her. Tr. 35, 43. As a result, Plaintiff does not come out of her room. *Id.* That testimony is fully consistent with Plaintiff's therapy treatment notes, which repeatedly state that she experiences panic attacks leaving the house, and that she has auditory hallucinations daily, and visual hallucination approximately once a week. Tr. 382–84, 403, 406, 424, 464, 469. Because the Commissioner has failed to identify any significant factual conflicts between Plaintiff's testimony and the medical record, such as those found in *Treichler*, a remand for an award of benefits is appropriate.

As to the third requisite, if the discredited evidence were credited as true, the ALJ would have to find Plaintiff disabled on remand. Megan Snow, LPC reported that Plaintiff "has been unable to work because of her mental health conditions since at least December 2018 because, since that date, she has rarely been well enough to leave her home, even with accompaniment." Tr. 481. Ms. Snow stated that she didn't think Plaintiff was capable of interviewing for a job, and that if she did seek employment, she would miss work more than two days per month. *Id.* The Vocational Expert testified that an individual with such an impairment would be unable to sustain gainful employment. Tr. 45. Specially, the vocational expert stated that missing more than two days of work per month would eliminate all full-time work. *Id.* Thus, Plaintiff satisfies the third requisite.

If a court concludes, as in this case, that a claimant meets the three criteria of the credit-as-true standard, the improperly discredited evidence is credited as true and remand for an award of benefits is appropriate unless "the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled with the meaning of the Social Security Act." *Garrison*, 759 F.3d at 1020–21 (citations omitted). Considering the record, the Court finds that there is no reason for serious doubt as to whether Plaintiff is disabled. *See id.* at 1021; *see also Revels v. Berryhill*, 874 F.3d 648, 668 n.8 (9th Cir. 2017) (explaining that where each of the credit-as-true factors is met, only in "rare instances" does the record as a whole leave "serious doubt as to whether the claimant is actually disabled") (citing *Garrison*, 759 F.3d at 1021). Thus, the Court exercises its discretion and credits the erroneously discredited evidence as true and remands this case for an immediate calculation and payment of benefits.

## CONCLUSION

For the reasons above, the Commissioner's decision was not based on  substantial

evidence. Accordingly, the Commissioner's decision is REVERSED and this case REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for an immediate calculation and payment of benefits.

IT IS SO ORDERED.

DATED this <u>14th</u> day of December 2023.

<u>s/ Mustafa T. Kasubhai</u>
MUSTAFA T. KASUBHAI (He / Him)
United States Magistrate Judge